UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AONRAI C. JERRY,

     Plaintiff,       Case No. 1:25-cv-1687

v.              Honorable Sally J. Berens

DALE BONN et al.,

      Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate

order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C.

§ 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all

matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation

Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial

review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131,

1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining

a putative defendant's relationship to the proceedings. "An individual or entity named as a

defendant is not obliged to engage in litigation unless notified of the action, and brought under a

court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint for failure to state a claim for the reasons detailed below. The Court will deny Plaintiff's motion to appoint counsel. (ECF No. 3.)

### Discussion

**I.    Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC), and in this action, Plaintiff presents claims regarding events that occurred during his incarceration at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan.

Plaintiff sues the following ICF staff: Warden Dale Bonn, Captain Unknown Party #1, Lieutenant Unknown Party #2, Sergeant Unknown Kerr, Correctional Officer Unknown Naval, Correctional Officer Unknown Reynolds, Correctional Officer Unknown Party #3, Correctional

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Officer Unknown Party #4, Correctional Officer Unknown Party #5, and Correctional Party Unknown Party #6.

In Plaintiff's complaint,[2] Plaintiff alleges that on June 22, 2025, he "was gassed" and then Defendants Kerr, Naval, "and a few other [correctional officers] rushed in after [Plaintiff] refused to come and be restrained." (Compl., ECF No. 1, PageID.3.) Plaintiff alleges that Defendant Naval then hit Plaintiff in the face with Naval's shield, stating: "Didn't I say I was gone f*** you up." (*Id.* (asterisks in original and grammar in original retained).) Plaintiff also alleges that Defendant Unknown Party #3 "kneed [Plaintiff] in [his] ribs," Defendant Unknown Party #4 "stumped on [Plaintiff's] foot," and Defendants Unknown Parties #5 and #6 "twisted [his] arm." (*Id.*, PageID.6 (phrasing in original retained).) Plaintiff suggests that these actions constituted excessive force. Further, Plaintiff alleges that Defendants Unknown Parties #1 and #2 are "the one[s] who sanctioned the team of officers," and "officers #3, #4, #5, #6 are the rush team including Sergeant Kerr and C/O Naval." (*Id.*, PageID.4.)

Plaintiff claims that "the event stemmed from [Plaintiff] 'dressing out' [Defendant] Naval." (*Id.*, PageID.3.)

Plaintiff also claims that after this incident, "they deprived [him] of personal property," "such as [his] soaps, [his] deodorants, [and] [his] boxer briefs." (*Id.*)

Based on the foregoing allegations, Plaintiff brings First Amendment retaliation claims, Eighth Amendment claims, and Fourteenth Amendment due process and equal protection claims.

---

[2] When Plaintiff initiated this action, he styled his filing as an "Order to Show Cause for a Preliminary Injunction [and] Temporary Restraining Order." (ECF No. 1.) In deference to Plaintiff's *pro se* status, the Court generously construes this filing to be Plaintiff's complaint. To the extent that Plaintiff wishes to file a separate, new motion for a preliminary injunction and temporary restraining order, Plaintiff is free to do so now that he has filed a complaint in this Court.

(*Id.*, PageID.3, 4, 5.) Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. (*Id.*, PageID.5, 7.)

## II.        Plaintiff's Motion to Appoint Counsel

When Plaintiff initiated this action, he filed a motion to appoint counsel. (ECF No. 3.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and has determined that, at this time, the assistance of counsel is not necessary to the proper presentation of Plaintiff's position. Therefore, Plaintiff's motion to appoint counsel (ECF No. 3) will be denied at this time.

## III.       Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Defendants Bonn and Reynolds

Plaintiff lists Defendants Warden Bonn and Sergeant Reynolds as Defendants in this action; however, Plaintiff fails to allege any facts showing how Defendants Bonn and Reynolds were personally involved in the violation of his constitutional rights. (*See generally* Compl., ECF No. 1.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff

6

must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff does not name Defendants Bonn and Reynolds in the body of his complaint. (*See generally* Compl., ECF No. 1.) Plaintiff's claims against Defendants Bonn and Reynolds fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

To the extent that Plaintiff seeks to hold Defendants Bonn and Reynolds liable due to their supervisory positions, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based

7

upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300);

*see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).

Here, Plaintiff fails to allege any *facts* showing that Defendants Bonn and Reynolds encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

Accordingly, for these reasons, all of Plaintiff's claims against Defendants Bonn and Reynolds will be dismissed for failure to state a claim.

### B.    Eighth Amendment Claims

#### 1.    Excessive Force and Failure to Protect Claims

Plaintiff alleges that Defendants Kerr, Naval, Unknown Party #3, Unknown Party #4, Unknown Party #5, and Unknown Party #6 entered Plaintiff's cell after Plaintiff "refused to come and be restrained," and that Defendants Naval, Unknown Party #3, Unknown Party #4, Unknown Party #5, and Unknown Party #6 used excessive force against him. (Compl., ECF No. 1, PageID.3.) Plaintiff further alleges that Defendants Unknown Parties #1 and #2 are "the one[s] who sanctioned the team of officers." (*Id.*, PageID.4.)

8

As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to Eighth Amendment claims. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official,

9

it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Here, Plaintiff alleges that "after [he] refused to come and be restrained," Defendant Naval entered Plaintiff's cell and hit Plaintiff in the face with Naval's shield, stating: "Didn't I say I was gone f\*\*\* you up." (Compl., ECF No. 1, PageID.3 (asterisks in original and grammar in original retained).)[3] Plaintiff also alleges that Defendant Unknown Party #3 "kneed [Plaintiff] in [his] ribs," Defendant Unknown Party #4 "stumped on [Plaintiff's] foot," and Defendants Unknown Parties #5 and 6 "twisted [his] arm." (*Id.*, PageID.6 (phrasing in original retained).) At this stage of the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to Plaintiff. Under these circumstances, although Plaintiff has by no means proven his claims, at this time, the Court will not dismiss Plaintiff's Eighth Amendment excessive force claims against Defendants Naval, Unknown Party #3, Unknown Party #4, Unknown Party #5, and Unknown Party #6.

As to Defendant Kerr, Plaintiff alleges only that Defendant Kerr entered Plaintiff's cell, along with the other officers, when Plaintiff refused to come out. (*Id.*, PageID.3.) Plaintiff does not allege any facts about any actions that Defendant Kerr himself took. Under these circumstances, Plaintiff fails to state an Eighth Amendment excessive force claim against Defendant Kerr. Further, beyond alleging that Defendant Kerr entered Plaintiff's cell at some

---

[3] The Court notes that although Plaintiff alleges that he "was gassed" prior to these Defendants entering Plaintiff's cell, Plaintiff presents no facts about who "gassed" him. (Compl., ECF No. 1, PageID.3.) Under these circumstances, the Court does not construe Plaintiff's complaint to raise any claims against the named Defendants regarding Plaintiff being "gassed."

point, Plaintiff does not allege any *facts* to indicate that Defendant Kerr was present when the other officers used force against Plaintiff. And, even if Plaintiff had alleged that Defendant Kerr was present, Plaintiff's allegations suggest that the other officers' use of force occurred quickly. The United States Court of Appeals for the Sixth Circuit has held that "where the 'act of excessive force unfolds in a matter of seconds, the second requirement [i.e., having both the opportunity and the means to prevent the harm] is generally not satisfied.'" *Alexander v. Carter for Byrd*, 733 F. App'x 256, 265 (6th Cir. 2018) (quoting *Pennington v. Terry*, 644 F. App'x 533, 548 (6th Cir. 2016)); *see Ontha v. Rutherford Cnty.*, 222 F. App'x 498, 506 (6th Cir. 2007) (collecting cases). The Sixth Circuit's reasoning for this determination is "that it demands too much of officers to require that they intervene within a sudden and quickly-expired moment of opportunity." *Pennington*, 644 F. App'x at 548 (citing *Ontha*, 222 F. App'x at 506). Here, Plaintiff fails to allege facts suggesting that the incident with the other officers lasted long enough for Defendant Kerr to both perceive what was going on and intercede to stop the other officers. Therefore, Plaintiff fails to state an Eighth Amendment failure to protect claim against Defendant Kerr.

Finally, as to Defendants Unknown Parties #1 and #2, a captain and lieutenant, respectively, Plaintiff alleges that Defendants Unknown Parties #1 and #2 are "the one[s] who sanctioned the team of officers." (Compl., ECF No. 1, PageID.4.) Plaintiff alleges no further facts about Defendants Unknown Parties #1 and #2.

As an initial matter, Plaintiff does not allege that Defendants Unknown Parties #1 and #2 themselves used force against Plaintiff, and Plaintiff does not allege that Defendants Unknown Parties #1 and #2 were present when the other officers used force against Plaintiff. Instead, Plaintiff's allegations suggest only that *either* before the officers entered his cell *or* after the other officers entered the cell, Defendants Unknown Parties #1 and #2 "sanctioned" the other officers'

11

actions. (*See id.*) Plaintiff does not indicate which of these scenarios applies, and he alleges no facts about how Defendants Unknown Parties #1 and #2 "sanctioned" the other officers' actions. (*See id.*) Under these circumstances, it is clear that Plaintiff seeks to hold Defendants Unknown Parties #1 and #2 liable solely due to their supervisory positions. However, as detailed above, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691. Besides Plaintiff's conclusory allegation that Defendants Unknown Parties #1 and #2 "sanctioned" the other officers' actions, Plaintiff alleges no *facts* to support this conclusory assertion. Thus, Plaintiff's Eighth Amendment claims against Defendants Unknown Parties #1 and #2 will be dismissed for failure to state a claim.

In summary, the Court will not dismiss Plaintiff's Eighth Amendment excessive force claims against Defendants Naval, Unknown Party #3, Unknown Party #4, Unknown Party #5, and Unknown Party #6 at this time. The Court will dismiss Plaintiff's Eighth Amendment excessive force and failure to protect claims against Defendants Kerr, Unknown Party #1, and Unknown Party #2 for failure to state a claim.

### 2.    Conditions of Confinement Claims

Plaintiff alleges that, after the incident in his cell, "they deprived [him] of personal property," "such as [his] soaps, [his] deodorants, [and] [his] boxer briefs." (Compl., ECF No. 1, PageID.3.) Plaintiff describes these items as "basic necessities such as clothing, hygiene, e[t]c." (*Id.*, PageID.5.) The Court construes these allegations to raise an Eighth Amendment conditions of confinement claim.

For a prisoner to prevail on an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that defendants acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80

12

(6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

Here, Plaintiff's Eighth Amendment conditions of confinement claims fail because Plaintiff does not identify any individuals, let alone named Defendants, who were involved in the denial of the items that Plaintiff describes as "basic necessities." Instead, without any additional supporting facts, Plaintiff alleges only that "they" deprived him of these items. However, "[s]ummary reference to a single, five-headed 'Defendants' [or 'they'] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (citation omitted)).

Accordingly for these reasons, any intended Eighth Amendment conditions of confinement claims will be dismissed for failure to state a claim.

### C.      First Amendment Retaliation Claims

Plaintiff alleges that the events with Defendants "stemmed from [Plaintiff] 'dressing out' [Defendant] Naval," and Plaintiff contends that this means that Defendants retaliated against him. (Compl., ECF No. 1, PageID.3.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse

13

action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff alleges generally that Defendants retaliated against him by taking the actions that are set forth above because Plaintiff "dress[ed] out" Defendant Naval. (Compl., ECF No. 1, PageID.3.) However, Plaintiff does not explain what "dressing out" entails. (*See generally id.*) Under these circumstances, Plaintiff fails to allege any facts to show that he engaged in protected conduct, let alone that Defendants' actions were motivated by any protected conduct.

Instead, Plaintiff's retaliation claims are entirely conclusory. Plaintiff fails to allege any facts to suggest that the named Defendants took the above discussed actions because Plaintiff had engaged in prior protected conduct. *See Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims [that will survive § 1915A screening]." (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998))). For these reasons, Plaintiff fails to state a First Amendment retaliation claim against Defendants.

### D.    Fourteenth Amendment Claims

#### 1.    Due Process Clause Claims

As discussed above, Plaintiff alleges that after the use of force in his cell, "they deprived [him] of personal property," "such as [his] soaps, [his] deodorants, [and] [his] boxer briefs." (Compl., ECF No. 1, PageID.3.) Plaintiff claims that this action violated his Fourteenth Amendment due process rights. (*See generally id.*)

As an initial matter, Plaintiff does not identify any individual who deprived him of his personal property, let alone Defendants. Regardless, Plaintiff's due process claim regarding the

14

deprivation of Plaintiff's property is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property if the deprivation was not pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his section 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate. Plaintiff has available to him numerous state post-deprivation remedies. The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff fails to allege any reasons why a state-court action would not afford him complete relief for the deprivations, either negligent or intentional, of his personal property.

Accordingly, Plaintiff fails to state a Fourteenth Amendment procedural due process claim regarding the deprivation of his property.

### 2.    Equal Protection Clause Claims

Plaintiff also alleges that his Fourteenth Amendment equal protection rights were violated by the deprivation of his personal property. (Compl., ECF No. 1, PageID.3.)

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, although Plaintiff alleges that he was "discriminated against," Plaintiff fails to allege any *facts* to support his conclusory assertions. Indeed, Plaintiff fails to allege any facts to suggest that he was treated differently than others who were similarly situated. Instead, any allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion because Plaintiff's equal protection claims are wholly conclusory, and he has alleged no facts that plausibly suggest that his equal protection rights were violated.

16

Accordingly, any intended Fourteenth Amendment equal protection claims will be dismissed.

### Conclusion

For the reasons set forth above, the Court will deny Plaintiff's motion to appoint counsel (ECF No. 3). Further, having conducted the review required by the PLRA, the Court determines that Defendants Bonn, Reynolds, Kerr, Unknown Party #1, and Unknown Party #2 will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants Naval, Unknown Party #3, Unknown Party #4, Unknown Party #5, and Unknown Party #6: First Amendment retaliation claims, Eighth Amendment conditions of confinement claims, Fourteenth Amendment due process claims, and Fourteenth Amendment equal protection claims. Plaintiff's Eighth Amendment excessive force claims against Defendants Naval, Unknown Party #3, Unknown Party #4, Unknown Party #5, and Unknown Party #6 remain in the case. The Court will direct service on the remaining Defendants.

An order consistent with this opinion will be entered.

Dated:   August 3, 2026                        /s/ Sally J. Berens
                                               SALLY J. BERENS
                                               United States Magistrate Judge

17